UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | ) CR. No. 12-001-M-LDA<br>) |
| EDDIE TORIE BARR<br>            Defendant | )<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

The issue presented by Eddie Barr in his motion to reduce his sentence is whether the Court has the discretion to modify his sentence pursuant to a retroactive post-sentence amendment to the Sentencing Guidelines even though he was classified as a career offender at the time of his original sentencing. The answer to this question is unequivocally yes.

After entering a plea of guilty, Mr. Barr came before the Court on May 7, 2012, to be sentenced on a three-count Information that charged him with distribution of what is colloquially known as "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). His Presentence Investigation Report (PSR) (ECF No. 12) stated that Mr. Barr met the criteria to be treated as a career offender, pursuant to U.S.S.G. § 4B1.1(a). (*Id.* at 5-6). The career offender offense level (after a three-point reduction for acceptance of responsibility) was 29. His criminal history warranted a category of VI. (*Id.* at 11). The guideline range for a career offender in this situation was 151 to 188 months of incarceration. (*Id.* at 17). The PSR also showed that absent the application of the career offender provision, Mr. Barr's adjusted offense level was 23 with a guideline range of 92 to 115 months of incarceration. (*Id.* at 5-6).

At sentencing, this Court considered the factors set forth in 18 U.S.C. § 3553 in light of all of the information available to the Court, and determined that the sentencing goals would not

be served by sentencing Mr. Barr as a career offender. Instead, the Court based Mr. Barr's sentence on the crack cocaine guideline range.

> I do believe in this instance that the career offender application is too harsh and that, that [it] isn't appropriate given all of your characteristics[.] . . . [T]he proper place to probably look is what the guideline range would be if that weren't the case, if there weren't the career offender. And so we'd be looking at a 23, Category VI, which carries with it 92 – 115 months of imprisonment. And the Court believes, given all the factors, given your history, given your eloquence today, given it all, that a period of incarceration of 92 months will be appropriate to accomplish what the guidelines require, what the sentencing requires . . . .

(ECF No. 18 at 35).

The Court sentenced Mr. Barr to 92 months of imprisonment, the low-end of the crack guideline, to run concurrently on each count, followed by three-years of supervised release.

Subsequent to Mr. Barr's sentencing, in April 2014, the United States Sentencing Commission voted unanimously to reduce sentencing guidelines for most federal drug trafficking offenders (lowering entire drug guideline offense levels by two points). U.S.S.G. Amendment 782. On July 18, 2014, the Commission voted, again unanimously, to make this sentencing reduction retroactive (effective on November 1, 2014, but not to be implemented until at least November 1, 2015).

Mr. Barr filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2),[1] contending that the 2014 amendment to the Sentencing Guidelines lowered the applicable guideline range such that he should receive the benefit of that two-level reduction in his operative offense score. (ECF No. 22).[2] The Court issued its standard scheduling order

---

[1] Pursuant to the practice in this District, on January 5, 2015, the Clerk of Court issued a letter of "Potential Eligibility for Sentence Reduction" to Mr. Barr. (ECF No. 20).

[2] In addition to a reduction based on a lowering of the range two levels that is addressed in this Memorandum & Order, Mr. Barr argued for a further reduction based on his conduct while

requiring the United State Probation Office for the District of Rhode Island to file with the Court a memorandum that includes, inter alia, the recalculated guideline range. (ECF No. 23). In its memorandum, the Probation Office opined that Mr. Barr's guideline calculations do not change because his guidelines were calculated under the career offender provisions of § 4B1.1 of the Sentencing Guidelines. Based on this analysis, the Court denied Mr. Barr's motion to reduce his sentence. (ECF No. 25).

Mr. Barr filed a second Motion to Reduce (ECF No. 26) that is pending before the Court and is the subject of this Order.[3] He argues that because this Court based its original sentence on the old drug guidelines and did not impose a sentence that was determined by the career offender provision, that he is eligible for the retroactive application of the Amendment. Mr. Barr relies on the First Circuit decision in *United States v. Cardosa*, 606 F.3d 16 (1st Cir. 2010).

Generally, a court may not modify a sentence that has become a final judgment. 18 U.S.C. § 3582(b) and (c). An explicit exception to that rule exists, however, when the Sentencing Commission has lowered an entire guideline range:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

incarcerated post-sentencing. Mr. Barr has begun, according to his motion, the work of rehabilitation by pursuing programs made available to him by the Federal Bureau of Prisons. He is, commendably, currently enrolled in a GED program. This progress report is a reason for the Court to congratulate Mr. Barr on his achievements, but this Court does not have authority to permit a re-opening of the sentencing process for these reasons.

[3] In essence, the Court deems this instant motion (ECF No. 26) a motion to reconsider the Court's denial of his previous motion for reduction (ECF No. 22).

3

18 U.S.C. § 3582(c)(2) (emphasis added).

In determining whether a Court has the discretion to reduce a sentence pursuant to this statutory provision, the First Circuit explained that the operative phrase in § 3582(c)(2) is "based on." *Cardosa*, 606 F.3d at 19. If the defendant was originally sentenced *based on* a latter reduced guideline range, then the court has discretion to apply the reduction. The *Cardosa* court posed a query that is precisely the query presented by Mr. Barr's instant motion to reduce: "What happens when a defendant is classified as a career offender, but the judge deviates from the career offender guideline and instead relies on a different guideline?"

The *Cardosa* Court answered its own query – and therefore answered the instant query in Mr. Barr's case – by holding that

> Where the judge in the original sentencing decides to depart from the career offender guideline to some other guideline with its own sentencing range, it is perfectly fair to say that the sentence imposed is "based on" that adopted range and not the career offender guideline range.
>
> *****
>
> [W]e conclude that where the defendant's existing sentence was ultimately *determined* by the old crack cocaine guidelines rather than by the career offender guideline, resentencing is within the discretion of the district court.

*Id.* at 21.

Regardless of whether a defendant was "eligible" for sentencing as a career offender, the critical inquiry is which guideline range *actually* was used to determine the sentence imposed. *Id.* at 20. If, for example, it was the career offender range that in fact determined the sentence, a defendant may not seek a reduction based on the lowering of the crack cocaine range, since the sentence would not have been "based on" the specific range that was lowered. *United States v. Caraballo*, 552 F.3d 6, 11 (1st Cir. 2008), *cert. den.* 556 U.S. 1175 (2009). On the other hand, if the trial judge eschews use of the career offender guidelines notwithstanding a defendant's

apparent worthiness of that status, and it appears that it was the drug guideline range that determined the ultimate sentence, the lowering of the crack cocaine range renders a defendant eligible for reduction because the range that was amended is the range that the sentence was "based on." *Cardosa*, 606 F.3d at 21.

In the instant case, the record reflects this Court's reliance on the crack cocaine guideline (and not the career offender guideline) almost identically to that in *Cardosa*.[4] When the Court sentenced Mr. Barr, it determined that the career offender classification was "too harsh" and that the "proper place ... is what the guideline range would be ... if there weren't the career offender." (ECF No. 18 at 35).

Courts following *Cardosa* have made clear that there is no talismanic language required, so long as the sentencing showed reliance on the drug guidelines as opposed to the career offender guideline. *See United States v. Flemming*, 617 F.3d 252, 255-56 (3rd Cir. 2010) (where judge said career offender designation "overstates" criminal history, which "leaves us with [an offense level taken from the crack cocaine guidelines], sentence was "based on" crack cocaine guidelines); *United States v. McGee*, 553 F.3d 225, 227 (2nd Cir. 2009) (district court explicitly stated that it was departing from the career offender sentencing range "to the level that the defendant would have been in absent the career offender status calculation and consideration"); *United States v. Ragland*, 568 F.Supp.2d 19, 20 (D.C. 2008) (trial judge said the defendant's "past is 'significantly less serious' than that of a typical career offender" and calculated using crack cocaine guideline numbers); *United States v. Poindexter*, 550 F.Supp.2nd 578, 582

---

[4] In *Cardosa*, the trial court found that the career offender classification "overstated Cardosa's criminal history" and that the court would therefore "depart downward in this matter under the guidelines to the offense level computation without the career offender status." *Cardosa, supra* at 19. With respect to the companion case of *United States v. Rodriguez*, the First Circuit found the trial judge's words somewhat less clear and therefore remanded for clarification. *Cardosa* at 22.

(E.D.Pa. 2008) (where court infers from the choice of sentence and the calculation performed by then-deceased trial judge that the crack cocaine guidelines played a "far more significant role" than the career offender guidelines, the defendant was eligible for reduction); *United States v. Nigatu*, No. 00-18 (PAM), at *1, 2008 WL 926561 (D.Minn. April 7, 2008) (judge's comment that "designation of career offender status is inappropriate in this case as it overstates [Nigatu's] criminal history" showed sentenced "based on" crack cocaine range).

*United States v. Hogan*, 722 F.3d 55 (1st Cir. 2013), issued subsequent to *Cardosa*, is not in any way to the contrary. *Hogan* dealt with a defendant originally sentenced below the crack cocaine guideline range (the court had involved a downward departure and lowered the defendant's criminal history category from VI to III (*Id.* at 57)). After the 2007 amendment lowering the guideline range, Mr. Hogan received a comparable reduction to his original sentence pursuant to 18 U.S.C. § 3582(c)(2) because of the comparability provision contained in U.S.S.G. § 1B1.10(b)(2) (providing that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing," the defendant could be granted "a reduction comparably less than the amended guideline range." *Hogan*, 722 F.3d at 57). Mr. Hogan moved for a second reduction after the 2011 amendment to the sentencing guidelines, which again retroactively lowered the range. The argument Mr. Hogan made for his second reduction was that he should continue to receive a comparably lowered sentence because of the comparability provision contained in U.S.S.G. § 1B1.10(b)(2). The reduction, he argued, should be "comparably less than the amended guideline range." *Hogan*, 722 F.3d at 57. The comparability provision, however, had been repealed, since Mr. Hogan's original reduction, by the Sentencing Commission in its 2011

amendments and, as a result, the First Circuit upheld the denial of Hogan's motion for reduction because the sentencing court no longer had the authority to reduce the sentence comparably.

Mr. Barr's request for a reduced sentence has nothing to do with the repealed comparability provision of the sentencing guidelines. (U.S.S.G. § 1B1.10(b)(2)). The critical amendment that doomed Mr. Hogan's chances is not relevant and has no application to Mr. Barr's motion. The instant matter is a straightforward application of *United States v. Cardosa, supra*, which is still good law, and application of the reduction statute, 18 U.S.C.A. § 3582(c)(2), which is unchanged. It is significant that the First Circuit did not even mention *Cardosa* in the *Hogan* decision, much less cast doubt upon it. There is nothing in the First Circuit's opinion in *Hogan* that in any way negates *Cardosa's* clear directive, that is, that when a sentencing court based its sentence on a subsequently lowered guideline (as opposed to the applicable career offender provision), the court has the discretion, and therefore the power, to apply the lowered guideline and to reduce a defendant's sentence accordingly. The statute upon which Mr. Barr relies (18 U.S.C. § 3582(c)(2)) – that would be applicable to others similarly situated - is clear and extant and he meets its criteria.

Mr. Barr was sentenced based on offense level 23, criminal history category VI. The two-level reduction implemented by the 2014 amendment leaves him at an offense level of 21, category VI. The newly-lowered guideline range is therefore 77 – 96 months. At the time of initial sentencing, the court chose a sentence at the bottom of the applicable range. For the same reasons, and giving due consideration to all of the factors set forth in 18 U.S.C. § 3553, the Court does so again.

Mr. Barr's Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 26) is GRANTED.[5] The sentence of imprisonment for Eddie Torie Barr on Counts I, II and III, is lowered to 77 months, to run concurrently. The other terms of the sentence initially pronounced remain the same.

IT IS SO ORDERED.

*/s/ John J. McConnell, Jr.*
John J. McConnell, Jr.
United States District Judge

August 11, 2015

---

[5] Mr. Barr had filed an earlier motion to reduce sentence that the Court denied by Text Order on June 9, 2015. (ECF 22). That order is vacated.